UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
CIVIL ACTION NO:

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust<br><br>**Plaintiff**<br><br>vs.<br><br>Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher<br><br>**Defendants**<br><br>Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial Network, Inc.,<br>FIA Card Services, N.A.<br><br>**Parties-in-Interest** | **COMPLAINT**<br><br>RE:<br>96 Victoria Drive, Westbrook, ME 04092<br><br>MORTGAGE<br>May 24, 2006<br>Book 24049, Page 64 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF9 Master Participation Trust, and the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are citizens of different states and the matter

in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory note executed under seal currently owned and held by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are the obligors and the total amount owed under the terms of the Note is Five Hundred Thirty Nine Thousand Seven Hundred Twenty Six Dollars and Eighty Six Cents ($539,726.86), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand dollars ($75,000.00).

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134

5. The Defendant, Jonathan Menezes a/k/a Jonathan Menezes, Sr., is a resident of Westbrook, County of Cumberland and State of Maine.

6. The Defendant, Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, is a resident of Westbrook, County of Cumberland and State of Maine.

7. The Party-in-Interest, Mortgage Electronic Registrations Systems, Inc. as nominee for Homecomings Financial Network, Inc., is located at 1818 Library Street, Suite 300, Reston, VA 20190.

8. The Party-in-Interest, FIA Card Services, N.A., is located at 1100 North King Street, Wilmington, DE 19803.

## FACTS

9. On November 22, 2005, by virtue of a Warranty Deed from Jonathan Menezes, which is recorded in the Cumberland County Registry of Deeds in **Book 23497, Page 244**, the property situated at 96 Victoria Drive, County of Cumberland, and State of Maine, was conveyed to the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On May 24, 2006, the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, executed and delivered to First Horizon Home Loan Corporation a certain Note in the amount of $310,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on May 24, 2006, the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for First Horizon Home Loan Corporation, securing the property located at 96 Victoria Drive, Westbrook, ME 04092 which mortgage deed is recorded in the Cumberland County Registry of Deeds in **Book 24049, Page 64**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to First Horizon Home Loans, a division of First Horizon Home Loan Corporation by virtue of an Assignment of Mortgage dated November 2, 2009 and recorded in the Cumberland County Registry of Deeds in **Book 27476, Page 91**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then further assigned to Nationstar Mortgage LLC by virtue of a Quitclaim Assignment dated January 8, 2016 and recorded in **Book 32860, Page 336**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. The Mortgage was then further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated July 21, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33461, Page 252**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. Mortgage Electronic Registrations Systems, Inc. as nominee for Homecomings Financial Network, Inc., is a Party-in-Interest pursuant to an Open-End Mortgage in the amount of $37,000.00 dated May 24, 2006, which is recorded in the Cumberland County Registry of Deeds in **Book 24049, Page 82** and is in second position behind plaintiff's mortgage.

16. FIA Card Services, N.A., is a Party-in-Interest pursuant to a Writ of Execution in the amount of $8,577.89 dated November 5, 2010, which is recorded in the Cumberland County Registry of Deeds in **Book 28313, Page** 199 and is in third position behind plaintiff's mortgage.

17. On November 1, 2016, the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing. *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

19. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, have failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

22. The total debt owed under the Note and Mortgage as of January 6, 2017, is Five Hundred Thirty Nine Thousand Seven Hundred Twenty Six Dollars and Eighty Six Cents ($539,726.86), which includes Unpaid Principal Balance in the amount of Three Hundred One Thousand One Hundred Ninety Two Dollars and Fifty Eight Cents ($301,192.58); Accrued Interest in the amount of One Hundred Sixty Five Thousand Nine Hundred Thirty Nine Dollars and Thirty Four Cents ($165,939.34); Escrow/Impound Required in the amount of Fifty Three Thousand Six Hundred Sixty Six Dollars and Forty Two Cents ($53,666.42); Late Charges Due in the amount of Eleven Thousand Four Hundred Three Dollars and Eighty Four Cents ($11,403.84); Total Advances in the amount of Seven Thousand Five Hundred Twenty Four Dollars and Sixty Eight Cents ($7,524.68).

23. Upon information and belief, the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure respecting a real estate related mortgage and title located at 96 Victoria Drive, Westbrook, County of Cumberland, and State of Maine. *See* Exhibit A.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff, U.S. Bank Trust, N.A, as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2009, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of January 6, 2017, is Five Hundred Thirty Nine Thousand Seven Hundred Twenty Six Dollars and Eighty Six Cents ($539,726.86), which includes Unpaid Principal Balance in the amount of Three Hundred One Thousand One Hundred Ninety Two Dollars and Fifty Eight Cents ($301,192.58); Accrued Interest in the amount of One Hundred Sixty Five Thousand Nine Hundred Thirty Nine Dollars and Thirty Four Cents ($165,939.34); Escrow/Impound Required in the amount of Fifty Three Thousand Six Hundred Sixty Six Dollars and Forty Two Cents ($53,666.42); Late Charges Due in the amount of Eleven Thousand Four Hundred Three Dollars and Eighty Four Cents ($11,403.84); Total Advances in the amount of Seven Thousand Five Hundred Twenty Four Dollars and Sixty Eight Cents ($7,524.68).

30. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendants' breach of condition, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby demands a foreclosure on said real estate.

32. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, on November 1, 2016 as evidenced by the Certificate of Mailing. *See* Exhibit G.

33. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are not in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. On May 24, 2006, the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, executed and delivered to First Horizon Home Loan Corporation a certain Note in the amount of $310,000.00. *See* Exhibit B.

36. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are in default for failure to properly tender the February 1, 2009 payment and all subsequent payments. *See* Exhibit G.

37. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher.

38. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

39. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher's breach is knowing, willful, and continuing.

40. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher's breach have caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the Note and Mortgage as of January 6, 2017, is Five Hundred Thirty Nine Thousand Seven Hundred Twenty Six Dollars and Eighty Six Cents ($539,726.86), which includes Unpaid Principal Balance in the amount of Three Hundred One Thousand One Hundred Ninety Two Dollars and Fifty Eight Cents ($301,192.58); Accrued Interest in the amount of One Hundred Sixty Five Thousand Nine Hundred Thirty Nine Dollars and Thirty Four Cents ($165,939.34); Escrow/Impound Required in the amount of Fifty Three Thousand Six Hundred Sixty Six Dollars and Forty Two Cents ($53,666.42); Late Charges Due in the amount of Eleven Thousand Four Hundred Three Dollars and Eighty Four Cents ($11,403.84); Total Advances in the amount of Seven Thousand Five Hundred Twenty Four Dollars and Sixty Eight Cents ($7,524.68).

42. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. By executing, under seal, and delivering the Note, the Defendants Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher entered into a written contract with First Horizon Home Loan Corporation who agreed to loan the amount of $310,000.00 to the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher. *See* Exhibit B.

45. As part of this contract and transaction, the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

46. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to First Horizon Home Loan Corporation, and has performed its obligations under the Note and Mortgage.

47. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, have breached the terms of the Note and Mortgage by failing to properly tender the February 1, 2009, payment and all subsequent payments. *See* Exhibit G.

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher.

49. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

50. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Five Hundred Thirty Nine Thousand Seven Hundred Twenty Six Dollars and Eighty Six Cents ($539,726.86), for money lent by the Plaintiff, U.S.Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher.

51. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher's breach is knowing, willful, and continuing.

52. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher's breach have caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owed under the Note and Mortgage as of January 6, 2017, is Five Hundred Thirty Nine Thousand Seven Hundred Twenty Six Dollars and Eighty Six Cents ($539,726.86), which includes Unpaid Principal Balance in the amount of Three Hundred One Thousand One Hundred Ninety Two Dollars and Fifty Eight Cents ($301,192.58); Accrued Interest in the amount of One Hundred Sixty Five Thousand Nine Hundred Thirty Nine Dollars and Thirty Four Cents ($165,939.34); Escrow/Impound Required in the amount of Fifty Three Thousand Six Hundred Sixty Six Dollars and Forty Two Cents ($53,666.42); Late Charges Due in the amount of Eleven Thousand Four Hundred Three Dollars and Eighty Four Cents ($11,403.84); Total Advances in the amount of Seven Thousand Five Hundred Twenty Four Dollars and Sixty Eight Cents ($7,524.68).
54. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

### COUNT IV – QUANTUM MERUIT

55. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.
56. First Horizon Home Loan Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, $310,000.00.  *See* Exhibit B.
57. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are in default for failure to properly tender the February 1, 2009 payment and all subsequent payments.  *See* Exhibit G.

58. As a result of the Defendants' failure to perform under the terms of the Note and Mortgage, the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, have been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

59. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

60. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. First Horizon Home Loan Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, $310,000.00. *See* Exhibit B.

62. The Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, have failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

63. As a result, the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr. and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to First Horizon Home Loan Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are in breach of the Note by failing to make payment due as of February 1, 2009, and all subsequent payments;

d) Find that the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are in breach of the Mortgage by failing to make payment due as of February 1, 2009, and all subsequent payments;

e) Find that the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due February 1, 2009 and all subsequent payments;

g) Find that Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for quantum meruit;

l) Find that the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher.

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Jonathan Menezes a/k/a Jonathan Menezes, Sr., and Shonda Menezes a/k/a Shanda Menezes f/k/a Shonda Boucher, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Five Hundred Thirty Nine Thousand Seven Hundred Twenty Six Dollars and Eighty Six Cents ($539,726.86), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

Dated: February 21, 2017

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670