U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

2017 MAY 17 P 2:40

_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE



CIVIL ACTION NO. 2:17-cv-00066-GZS

ANSWER AND CROSS COMPLAINT

U.S. BANK TRUST N.A., as Trustee for

LSP9 MASTER PARTICIPATION TRUST

,

RE: 96 VICTORIA DRIVE

WESTBROOK , ME 0409

Plaintiff

VS

Jonathan Menezes

Shonda Menezes

Defendants

## ANSWER TO COMPLAINT

Now comes Defendant Jonathan Menezes in Pro Se, answering to complaint filed by Plaintiff U,S. Bank Trust.

## JURISDICTION AND VENUE

1. Defendants acknowledge that the U.S District Court has jurisdiction in this matter. However, Defendants believe that the Plaintiff has filed this action in this Court to circumvent and avoid following the set procedures and requirements outlined by the State of Maine and the Maine

Supreme Judicial Court (Bank of America N.A. v. Greenleaf 2015), requiring and mandating Plaintiffs to follow set procedures as they relate to Foreclosure actions in the State of Maine.

2. The Plaintiffs and their predecessors have attempted on Three occasions to adjudicate this Foreclosure without success, because they would not and/or could not comply with mandated requirements and procedures set forth by Maine Statutes. Plaintiffs are using the proceedings in this Court to circumvent Maine State law through use of this Court to further their deceit.

3. Maine State Courts are the appropriate Venue to adjudicate this case as both Defendants live in the State of Maine, the property in question is located in the County of Cumberland , Maine and the Plaintiffs have filed their action to be heard by the United States District Court, District of Maine, thus, said transfer of Venue will not inconvenience Plaintiff, and will preserve Defendants rights as property owners/borrowers by making the Plaintiffs follow Maine State Law.

## PARTIES

4. Defendants dispute the Plaintiff's right to enforce the contract of the Mortgage.

5. Defendants do not dispute Paragraphs 5 through 8.

## FACTS

9. Defendants DENY the facts as outlined in Paragraphs 9 through 23, further alleging Plaintiffs and their predecessors are guilty of Unclean Hands as it pertains to this Foreclosure. Plaintiffs and their predecessors are guilty of conducting a Constructive Foreclosure according to proof that is attached to this answer (See Exhibit A). Defendant Shonda Menezes lost her job in September 2008 and was unemployed until October 2009. Defendants were promised a loan modification for the then 10 missed payments, Plaintiffs predecessors refused and/or failed to act on that promise, and on numerous subsequent submissions of Requests for Modifications. Defendants were promised each time they submitted said Requests for Modification, that Plaintiffs and their predecessors would act upon said Requests. Plaintiffs and their predecessors committed a breach of promise and a breach of contract beginning in December 2009 and continuing since.

Plaintiffs predecessors were audited in an Independent Foreclosure Review ordered by the Board of Governors of the Federal Reserve System and the Office of the Comptroller of the Currency and found to have committed "errors, misrepresentations, or other deficiencies during the foreclosure process" (Exhibit A).

MetLife (Plaintiff's Mortgage Processor at the time of the violations), agreed to and paid Defendants the sum of $2000 in April 2013 as a fine for failing to take appropriate action in the Foreclosure process, as determined by the Independent Foreclosure Review. (See Exhibit A)

Plaintiff's failure to act when the missed payments was at 10 months and could have been easily brought current, caused the debt to balloon to unmanageable levels by the time the Independent Foreclosure Review was initiated.

## COUNT 1 – FORECLOSURE

24. Defendants Shonda Menezes and Jonathan Menezes repeat their denial of Paragraphs 1 through 23, excepting those paragraphs previously admitted to, as if fully set forth herein.

25. Defendants Shonda and Jonathan Menezes dispute and deny paragraphs 25 through 29 in their entirety.

26. Dispute

27. Dispute

28. Dispute and Deny

29. Deny

30. Admit

31. Dispute and Deny

32. Admit

33. Admit

## COUNT II – BREACH OF NOTE

34. Defendants Shonda Menezes and Jonathan Menezes repeat their Denials and Disputes of all paragraphs 1 through 33 previously denied and/or disputed excepting those which were admitted to, as if fully set forth herein.

35. Dispute and Deny until a showing of proof of the original document is made.

36. Defendants Dispute and Deny paragraphs 36 through 42 in their entirety.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. Defendants Shonda Menezes and Jonathan Menezes repeat their Denials and Disputes of all paragraphs 1 through 42 previously denied and/or disputed, excepting those which were admitted to, as if fully set forth herein.

44. Defendants Shonda Menezes and Jonathan Menezes Deny and Dispute Paragraphs 44 through 54.

## COUNT IV – QUANTUM MERIUT

55. Defendants Shonda Menezes and Jonathan Menezes repeat their Denials and Disputes of all paragraphs 1 through 54 previously denied and/or disputed, excepting those which were admitted to, as if fully set forth herein .

56. Defendants Shonda Menezes and Jonathan Menezes Deny and Dispute paragraphs 56 through 59.

## COUNT V – UNJUST ENRICHMENT

60. Defendants Shonda Menezes and Jonathan Menezes repeat their Denials and Disputes of all Paragraphs 1 through 59 previously denied and/or disputed, excepting those which were admitted to, as if fully set forth herein.

61. Defendants Shonda Menezes and Jonathan Menezes deny and dispute Paragraphs 61 through 63.

64. Defendants assert that Plaintiff is not entitled to relief as the basis for this lawsuit action is based on the doctrine of Unclean Hands, Breach of Promise, Breach of Contract, Fraud and Deceit. Furthermore, Plaintiffs have failed to produce evidence of actual damages suffered by Plaintiffs or that Plaintiffs are entitled to any award for missed payments, penalties and escrows . Plaintiffs are attempting to unjustly enrich themselves for monies they never expended.

## CROSS COMPLAINT

**VIOLATION OF DUE PROCESS, TRESPASS, VANDALISM, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

65. Defendants allege that on September 24, 2016, Plaintiffs, through their Field Agents The Griffin Group, specifically Employee Guy Bailey, unlawfully took possession of Defendants home while

falsely alleging that Defendants had abandoned the property. When challenged by the next door neighbor and specifically informed that Defendant Jonathan Menezes was still living at the property and was on vacation, Plaintiffs then falsely informed the neighbor that the house had been repossessed and proceeded to break in the garage doors and gained entry into the Defendants home. Plaintiffs proceeded to damage Defendants property inside the house, and changed the locks on the door leading to the garage. Plaintiffs returned on September 27, 2017 with the Portland Water Department, and removed Defendants Water Meter, after falsely advising the water department that the house had been foreclosed upon.

When Defendant made an emergency return to the house and retook possession on September 28, 2017, Plaintiffs doubled down on their false claim of repossession and insisted that the Water department NOT replace the removed water meter.

By taking possession of the Defendants home, Plaintiffs conducted an Extra-Judicial Foreclosure with no advance notice or legal procedure of Due Process. Defendant Jonathan Menezes wishes to file a Cross Complaint of Trespass, Violation of Due Process under the 5th Amendment, Intentional infliction Emotional Distress, Vandalism, and any and all applicable violations of Defendants rights as a home owner in the State of Maine, and a citizen of the United States.

## PRAYERS FOR RELIEF

Wherefore the Defendants Shonda Menezes and Jonathan Menezes prays this Honorable Court:

A) Transfer Venue of the Lawsuit Action to the Maine State Courts which have already heard previous actions relating to this Foreclosure action.

B) Find that the Plaintiffs are attempting to circumvent the Maine Rules of Judicial Procedure as set

forth by Maine State Laws as it relates to Foreclosures.

C) Determine that the Plaintiff and their predecessors are guilty of Unclean Hands as it relates to the Defendants being prevented from keeping their home after promises of assistance and Loan Modifications were breached as determined by the Independent Foreclosure Review (Exhibit 1).

D) Determine that the Plaintiffs are not entitled to any monetary relief as they have participated in, and are perpetuating a Fraud, and have Unclean Hands.

E) Deny Plaintiffs prayers for relief in their entirety pursuant to a showing by Defendants that this Foreclosure action filed with this Court is a result of Incompetence, negligence, willful breach of promise and breach of contract. Defendants pray that this Honorable Court dismiss this action.

F) Defendants pray for a Judgment according to proof for the Cross Complaint by Defendant Jonathan Menezes as outlined in Paragraph 65.

Respectfully Submitted

*[signature: Jonathan Menezes]*

Dated May 17, 2017

Jonathan Menezes
96 Victoria Dr.
Westbrook, ME 04092

UNITED STATES DISTRICT COURT
_____, ss.
LOCATION PORTLAND, MAINE
DOCKET NO. 2:17-CV-00066-GZS

U.S. BANK TRUST, N.A AS
TRUSTEE FOR LSF MASTER
PARTICIPATION TRUST,

Plaintiff,

v. JONATHAN MENEZES,

Defendant.

ANSWER, AFFIRMATIVE DEFENSES,
AND REQUEST FOR MEDIATION
(Title to Real Estate Involved)

## ANSWER

1. I admit that I signed a note and mortgage.

2. I am without knowledge as to whether the Plaintiff is the lawful holder of the Note or the Mortgage. Therefore, I deny the allegation.

3. I am without sufficient knowledge as to whether the amount demanded as amounts due is accurate. Therefore, I deny the allegation.

4. ☒ I admit receiving a default notice. I am without knowledge as to whether the default notice is lawful. Therefore, I deny that the default notice is lawful.
   or
   ☐ I deny receiving a default notice.

5. I admit receiving the Complaint. I am without knowledge as to whether the Plaintiff, as required by 14 M.R.S.A. § 6321 et. seq., has both certified proof of ownership of the Note and provided evidence of the Mortgage, Note and all assignments and endorsements of the Note and Mortgage. Therefore, I deny the allegation.

6. I deny violating the terms of the Mortgage and/or Note.

## AFFIRMATIVE DEFENSES

7. I repeat, reallege and incorporate by reference paragraphs 1 through 6.

### FIRST AFFIRMATIVE DEFENSE

8. Plaintiff's complaint fails to state a claim upon which relief can be granted by this Court because Plaintiff failed to comply with the notice and right to cure provision in 14 M.R.S.A. § 6111.

### SECOND AFFIRMATIVE DEFENSE

9. Plaintiff's complaint is subject to the defense of estoppel.

### THIRD AFFIRMATIVE DEFENSE

10. Plaintiff's complaint is subject to the defense of duress.

### FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff's complaint is subject to the defense of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

12. Plaintiff's complaint is subject to the defense of illegality.

### SIXTH AFFIRMATIVE DEFENSE

13. Plaintiff's complaint is subject to the defense of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff does not have standing to bring this complaint.

[X] Other: _SEE ATTACHED ANSWER_
_____
_____
_____

WHEREFORE, Defendant prays that the Complaint be dismissed, for their costs, and for such further relief as the nature of the case may require.

Date: MAY 16, 2017

(Signature)

JONATHAN MENEZES
(Print Name)

96 VICTORIA DR.
(Address)
WESTBROOK, ME 04092

207-332-0271
(Phone Number)

## CERTIFICATE OF SERVICE

I hereby certify that I have delivered a copy of this Answer and Affirmative Defenses by mailing a copy to the Plaintiff's lawyer.

Date: MAY 16, 2017

(Signature)