UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., <br> as Trustee for LSF9 MASTER <br> PARTICIPATION TRUST, <br> <br> Plaintiff, <br> <br> v. <br> <br> JONATHAN MENEZES <br> a/k/a JONATHAN MENEZES, SR., and <br> <br> SHONDA MENEZES <br> a/k/a SHANDA MENEZES <br> f/k/a SHONDA BOUCHER, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket no. 2:17-CV-66-GZS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' JURY DEMAND**

Before the Court is Plaintiff's Motion to Strike Defendants' Demand for Trial by Jury (ECF No. 29) in this foreclosure action. After considering Plaintiff's Motion and Defendants' Response (ECF No. 30), the Court GRANTS the Motion.

Federal Rule of Civil Procedure 38(b) provides that a written demand for a jury trial must be served on the other parties "no later than 14 days after the last pleading directed to the issue is served." Calculating from June 6, 2017, when Plaintiff filed a Reply to Defendants' Answer and Counterclaim, at the latest, any demand for a jury trial by Defendants had to have been filed by June 20, 2017, and Defendants did not meet this deadline.[1] Rule 38 is extremely clear that "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Although the Court understands that Defendants may not have thought they were "on the clock"

---

[1] Defendants' written jury demand (ECF No. 28) was dated and post-marked August 17, 2017, and was docketed by the clerk on August 21.

during the time that the Court was deciding their Motion for Mediation (ECF No. 17) and Motion to Dismiss (ECF No. 23), neither their confusion nor their pro se status means that they did not have to comply with Rule 38(b).  See Jolivet v. Deland, 966 F.2d 573, 578 (10th Cir. 1992) (stating, in determining that a pro se party had waived his right to a jury trial, that "[t]he fact that Jolivet is proceeding pro se does not entitle him to special consideration under Rule 38.").  Furthermore, even if they were waiting for the disposition of their Motions, Defendants waited a few weeks after the Court issued its Order on July 26, 2017 (ECF No. 26) before submitting their jury demand.  Defendants are of course free to file a motion pursuant to Federal Rule of Civil Procedure 39(b) if they believe that there are reasons for the Court to excuse their failure to comply with Rule 38(b).[2]

Finally, the Court notes that both sides have indicated a desire or willingness to engage in mediation to settle this matter.  See Defs.' Mot. for Mediation (ECF No. 17); Pl.'s Resp. to Mot. for Mediation (ECF No. 19), PageID # 178 ("[T]he Plaintiff would be willing to consent to engaging in mediation with the Defendants.").  The Court encourages the parties to pursue this course if there is any chance that this matter can be expeditiously and favorably resolved without need for further litigation.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 27th day of September, 2017.

---

[2] Plaintiff is incorrect is asserting that Maine law regarding the right to jury trials is dispositive; federal law controls the issue in this Court.  See Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 97 (1st Cir. 2014) ("[T]he settled rule is that a litigant's right to a jury under the Seventh Amendment for state-law claims in federal court is a matter of federal, not state, law.").  Although it is generally the case that there is no right to jury trial in a foreclosure action under federal law, see Walter E. Heller and Co. v. O/S Sonny V., 595 F.2d 968, 976 n.7 (5th Cir. 1979), there are non-foreclosure claims at play in this matter that may or may not be appropriate for trial to a jury.